IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NARCISO MORALES,                        )
                                        )      CIV. S-05-591 GEB KJM
                    Plaintiff,          )
                                        )      ORDER
          v.                            )
                                        )
CALIFORNIA DEPARTMENT OF YOUTH          )
AUTHORITY; STATE OF CALIFORNIA;         )
DELWIN BROWN; MARCEL BERRY;             )
DANIEL TORRES; LINDA BRIDGES;           )
STEVIE CHIU; ROBERT DUTRA;              )
RODERICK HICKMAN; TIM MAHONEY;          )
WALTER ALLEN III; STEVE STENOWSKI;      )
STEVE CRUZ; and DOES 1 to 100,          )
in their individual and official        )
capacities,                             )
                                        )
                    Defendants.         )
_____)

          Plaintiff has moved to remand this action to the Superior
Court of California for the County of San Joaquin.  Defendants State
of California, California Youth Authority, Roderick Hickman, Walter
Allen III, Steve Stenowski, and Steve Cruz ("Defendants") oppose the
motion.

          "[A] defendant who removes an action from state court to
federal district court bears the burden . . . of establishing that
removal was proper."  United Computer Sys., Inc. v. AT&T Corp., 298
F.3d 756, 763 (9th Cir. 2002).  "[R]emoval statutes are strictly

construed against removal." <u>Libhart v. Santa Monica Dairy Co.</u>, 592 F.2d 1062, 1064 (9th Cir. 1979).

"Section 1446 requires all proper defendants to join or consent to the removal notice." <u>Prize Frize, Inc. v. Matrix (U.S.), Inc.</u>, 167 F.3d 1261, 1266 (9th Cir. 1999). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." <u>Id.</u>

Plaintiff contends "removal was improper because all of the served defendants did not join in the notice of removal . . . ."[1] (Pl.'s Memo. Supp. Remand Mot. at 2.) Plaintiff notes that "[t]he removal notice in this case was submitted on March 25, 2005, on behalf of only four out of five defendants served up to that time." (<u>Id.</u> at 4.)

Defendant Dutra was served with a copy of the summons and complaint on March 24, 2005. (<u>See</u> Exh. A to Decl. of Bruce M. Glassner.) Defendants State of California, California Youth Authority, Allen, and Stenowski filed a removal notice on March 25, 2005. Since Defendant Dutra had been served with process at the time of removal but did not join in the removal, and the removing Defendants did not affirmatively explain Dutra's absence, the removal was defective.

Defendants argue that "Plaintiff's contention [that Dutra should have joined in the removal under the rule of unanimity] is

---

[1]     Plaintiff also asserts that "the removal was untimely because it took place more than thirty days after the State of California first received a copy of the Complaint." (Pl.'s Remand Mot. at 2.) However, because Defendants' failure to adhere to the unanimity rule is dispositive, that issue need not be reached.

without merit as Defendant Dutra could later consent to the removal and has in fact consented."[2]  (Defs.' Opp'n at 12.)  Although Defendant Dutra consented to removal on May 9, 2005, this late consent did not cure the defective removal, since it was not manifested within thirty days from the date upon which Dutra was served with the complaint.  See Hernandez v. Six Flags Magic Mountain, Inc., 688 F. Supp. 560, 562 (C.D. Cal. 1988) ("[C]onsent must be manifested within the thirty day period beginning from the date upon which the non-petitioning defendant is served with the complaint."); Prize Frize, Inc., 167 F.3d at 1266 (stating that a party's attempt "to orally join at a court hearing weeks after the thirty-day period had expired" did not cure the defective removal since "[t]he defects in the removal notice were not cured within the thirty-day statutory period permitted for joinder.").

CONCLUSION

For the stated reasons, Plaintiff's remand motion is granted.  The Clerk of the Court is directed to remand this action to the Superior Court of the State of California for the County of San Joaquin.

IT IS SO ORDERED.

Dated:  May 27, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[2]    Defendants also contend that the court should deny remand in the interest of judicial economy since, inter alia, "[t]he related case of Baker v. State of California remains in federal court, as removal of that case has not been challenged."  (Defs.' Opp'n at 14.)  The order relating these cases has no bearing on Plaintiff's remand motion.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28